# Kelly, et al. v. Board Trustees Evarts Graded School.

(Decided February 9, 1915.)

## Appeal from Harlan Circuit Court.

1. Schools and School Districts—Establishment of Graded School District—Election — Advertisement — Hand Bills — Sufficiency. — Copies of a newspaper advertisement containing a county court order calling for an election to be held at a certain time and place for the establishment of a graded school district, and properly posted in five conspicuous places for the required time, constitute a substantial compliance with the statute requiring the display of hand bills advertising the election.

2. Schools and School Districts—Establishment of Graded School District—Election—Advertisement—Hand Bills—Not Posted by Sheriff.—Where notices of an election to establish a graded school district are posted as required by the statute, it is immaterial that the sheriff himself does not post them.

3. Schools and School Districts—Graded School District—Election— Petition—Description of Boundary Appended After Petition Filed— Effect.—Where in a petition for an election to establish a graded school district, the description of the proposed boundary and site for the school house were appended after the petition was filed, this fact did not vitiate the petition, where the effect of the appended descriptions was not to add to or take from the boundaries set out in the petition, but merely to describe with greater accuracy the boundaries contained in the petition.

4. Schools and School Districts—Graded School District—Petition— Approval by Trustee—Evidence.—Held under the evidence that a petition for the establishment of a graded school district was approved by the trustee of the subdistrict affected, in compliance with Section 4464 of the Kentucky Statutes.

5. Schools and School Districts—Graded School District—Election— Question Propounded to Voters.—In an election for the establishment of a graded school district, held, under the evidence, that the question "Are you for or against the graded common school tax?" was properly propounded to each of the voters.

J. S. FORESTER for appellants.

LEWIS & POPE and J. G. FORESTER for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Plaintiffs, W. B. Kelly and others, brought this action against the trustees of Evarts Common Graded School District to enjoin the collection of taxes on the ground that the district was not legally established.

The trial court denied them the relief sought, and they appeal.

It appears that on April 6, 1914, fourteen legal voters and taxpayers of the Evarts Common School District, Educational Division No. 2, Sub-district No. 3, of Harlan county, filed with the county judge a petition asking him to spread an order on his order book directing the sheriff to hold an election to establish a graded school district with the same boundary as the common school sub-district and with the same site for the school building. On the face of the petition is the following:

"We hereby approve of the petition herein to establish a graded school at Yocums Creek, this Mch. 28, 1914.

(Signed)          "W. L. BAILEY, Chairman,

"J. S. McKNIGHT, Secty.,

"J. H. MIDDLETON, Trustee."

Appended to the petition is an accurate description of the site on which the school building was to be located, and an accurate description of the proposed graded school district. At the next regular term of the county court an order was entered directing the sheriff to cause an election to be held in said proposed district on Saturday, June 13, 1914, for the purpose of taking the sense of the legal white voters on the proposition whether or not they would vote an annual tax of twenty cents on each $100 worth of property in said boundary belonging to the white voters or other white property-holders, and a poll tax of one dollar on each white male inhabitant in said proposed district over the age of twenty-one years, for the purpose of maintaining a graded school in said district, and for the purpose of erecting, purchasing and maintaining suitable buildings therefor. The order further provided that the sheriff should appoint a judge and clerk to hold said election, and should certify the result thereof to the county board of election commissioners, who were directed to canvass same and certify the result to the court. The sheriff was also directed to publish the order in the Harlan Enterprise, a weekly newspaper published in Harlan, Kentucky, at least twenty days before the date of the election, and also to advertise the election by written or printed handbills posted in five conspicuous places in said district for at least twenty days before the election.

A certified copy of the order was given to the sheriff by the county court clerk, and the sheriff immediately

caused it to be published in the Harlan Enterprise, as required by law. The sheriff further clipped five copies of the printed order from the Harlan Enterprise, and had these posted in five conspicuous places in the district for the required time. The election was held at the Evarts school house in the proposed district on the day provided in the order. Fifty-six legal votes were cast in favor of the tax and eighteen against it. The returns of the election were canvassed by the county election commissioners, and the result certified as required by the statute.

1. It is insisted that the election was not duly advertised because the alleged handbills were not sufficient and were not posted by the sheriff or any of his deputies. A handbill is simply a written or printed notice displayed to inform those concerned of something to be done. The statute only requires a written or printed handbill. We, therefore, conclude that copies of an advertisement containing the county court order calling for an election to be held at a certain time and place in the proposed district, and properly posted in five conspicuous places for the required time, constituted a substantial compliance with the statute. Nor do we think there is any merit in the contention that the sheriff himself did not post the notices. It is true that in advertisements of sales by the master commissioner this court has expressed its disapproval of the commissioner's employing others to post notices of sales, but the reason for that is that the commissioner is required to report that he advertised the sale, which he could not properly do if the matter were entrusted to others. In the case of school elections the statute merely provides that the sheriff or other officer shall have the notices posted. He is not required to report that he has done so. In this case the evidence conclusively shows that the notices were posted in five conspicuous places, and the fact that the sheriff himself did not post them cannot be regarded as material; especially in view of the fact that a very large vote was cast at the election, and it does not appear that any voter was prevented from voting because he was not notified of the time and place for holding the election.

2. The petition asking for the election is attacked on the ground that the description of the proposed boundary and of the proposed school house site was ap-

pended to the petition after it had been signed and filed with the county court. If the description so appended had in anywise changed the boundary of the proposed district or of the school house site, there might be some merit in this contention. As a matter of fact, however, the petition itself asked for the establishment of a graded school district with the same boundary as the old common school sub-district, and with the same school house site as theretofore existed. The appended descriptions simply described by metes and bounds the old boundaries of the existing common school sub-district, and of the school house site. The effect was not to add to or take from the boundaries set out in the petition, but merely to describe with greater accuracy the boundaries contained in the petition. That being true, the fact that these descriptions were appended after the petition was signed and filed did not vitiate the petition.

3. The statute requires that the petition for the establishment of a graded school district shall be approved by the trustee of each sub-district affected. Kentucky Statutes, Section 4464. The contention is made that this provision of the statute was not complied with. The petition, which is now before us, shows that after the words "we hereby approve of the petition herein to establish a graded school at Yocums Creek, this Mch. 28, 1914," occurs the following signature: "J. H. Middleton, Trustee." The record shows that Middleton was the trustee of the sub-district affected. Middleton says that he has no recollection of having signed the petition. The man who prepared the petition says that he was present and saw Middleton sign it. It also appears that Middleton took an active interest in favor of the proposed graded school district. On these facts we are not disposed to reverse the trial court and hold that the petition was not approved by Middleton.

4. It is next insisted that Section 4467 of the Kentucky Statutes was not complied with, in that the question, "Are you for or against the graded common school tax?" was not properly propounded to the voters. We have not been cited to any evidence in the record tending to establish this fact; on the contrary, the judge of the election and many witnesses testified that the question was properly propounded to each of the voters. On the whole, we cnclude that in the proceedings leading up to and following the election, and in the conduct of the

election itself, there was a substantial compliance with the statute, and that the chancellor properly refused to enjoin the collection of the tax.

Judgment affirmed.